IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MR. STEVEN QUINN, | | |
| | Plaintiff, | No. 2:11-cv-1293 DAD (PC) |
| vs. | | |
| MR. MICHAEL E. HANSEN, | | ORDER AND |
| | Defendant. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

      Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1 payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
2 account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
3 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
4 U.S.C. § 1915(b)(2).

5       The court is required to screen complaints brought by prisoners seeking relief
6 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
10 U.S.C. § 1915A(b)(1),(2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.

18       In his complaint, plaintiff alleges that he is receiving constitutionally ineffective
19 assistance of counsel from the named defendant, Michael E. Hansen, an attorney representing
20 plaintiff in criminal proceedings currently pending in state court.  Plaintiff's complaint includes a
21 series of allegations related to this general claim.  Plaintiff further alleges that at least two
22 motions he has brought in the state court criminal proceedings to substitute counsel pursuant to
23 People v. Marsden, 2 Cal.3d 118 (1970) have been denied.  Plaintiff describes the relief he seeks
24 from this court as "file charges, collect compensation, false imprisonment & pain & suffering."
25 Complaint, filed May 13, 2011, at 3.
26 /////

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Claims that necessarily implicate the validity of a criminal conviction must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. The United States Court of Appeals for the Ninth Circuit has held that, pursuant to Heck, claims that implicate a criminal defendant's guilt or innocence do not accrue until after those criminal proceedings are concluded. See Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1996) (claims for, inter alia, false arrest and false imprisonment did not accrue until after plaintiff's acquittal in criminal trial), abrogated on other grounds by John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him.); Webb v. Nelson, No. C 09-6008 JSW (PR), 2010 WL 4918736, at *2 (N.D. Cal. Nov. 10, 2010) ("Heck bars claims which necessarily implicate the validity of pending criminal charges.").

Plaintiff's claims in this action necessarily implicate his guilt or innocence on the criminal charges pending against him in state court.[1] Accordingly, the action is premature and must be dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

---

[1] An exhibit appended to his complaint filed in this court suggests that plaintiff's criminal trial in state court was set to commence on May 10, 2011.

3

1  § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
2  Director of the California Department of Corrections and Rehabilitation filed concurrently
3  herewith.
4  　　　　3. The Clerk of the Court is directed to randomly assign this action to a United
5  States District Judge.
6  　　　　IT IS HEREBY RECOMMENDED that this action be dismissed without
7  prejudice.
8  　　　　These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties. Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
13 shall be served and filed within ten days after service of the objections. The parties are advised
14 that failure to file objections within the specified time may waive the right to appeal the District
15 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: June 14, 2011.

　　　　　　　　　　　　　　　　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　　DALE A. DROZD
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

DAD:12
quin1293.56

4